NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. JASON M. COHEN, M.D., F.A.C.S, et al., | Civil Action No. 10-4910 (MAS) |
| Plaintiffs, | MEMORANDUM OPINION |
| v. | |
| INDEPENDENCE BLUE CROSS, et al., | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiff James Powers-Hill's ("Plaintiff" or the "Subscriber") motion to amend his Amended Complaint in order to add Independence Blue Cross ("IBC") as a defendant, to assert a claim against IBC for violating § 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1101, *et seq.*, and to assert a breach of fiduciary duty claim against IBC, Defendant QCC Insurance Company ("QCC") and Defendant ComCast, Corp. ("ComCast") (collectively, "Defendants") for failing to comply with 29 C.F.R. § 2560.503-1 [Docket Entry No. 31]. QCC opposes Plaintiff's motion to amend. The Court has fully reviewed Plaintiff's motion to amend, including Plaintiff's proposed Second Amended Complaint, the Exhibits attached thereto and the Certification of Mark D. Miller filed in support of Plaintiff's motion.[1] The Court has likewise fully considered and reviewed all arguments raised by QCC in opposition to Plaintiff's motion. The Court considers

---

[1] The Court notes that in his Notice of Motion, Plaintiff represents that his application to amend "does not involve any complicated issues of law or fact" and therefore "no brief is necessary." (Pl. Notice of Motion at 2; Docket Entry No. 31). The Court additionally notes that, despite being granted an extension of time to file a reply brief in further support of his motion, Plaintiff never filed same. Therefore, because there were none, the Court did not consider any briefs filed by Plaintiff in support of the instant motion to amend.

Plaintiff's motion without oral argument pursuant to Rule 78.  For the reasons set forth more fully below, Plaintiff's motion to amend is GRANTED in part and DENIED in part.

I.      **Procedural History and Background**

A detailed recitation of the facts underlying this litigation were set forth in the District Court's Opinion dated October 24, 2011, as such the facts are not restated at length herein.  Here, Plaintiff was an insured under the health insurance policy between ComCast, the plan sponsor, QCC, the plan administrator and IBC, the insurer.  (Am. Compl. ¶ 2).  In November 2008, Plaintiff underwent spinal surgery performed by Dr. Cohen, an out-of-network or "Non-Preferred, Non-Participating," health care provider under the Plan.  (*Id*. at ¶¶ 2,4).  After the surgery, Dr. Cohen, based on an assignment of benefits from Plaintiff, submitted an insurance claim to Defendants for $143,626.00 for reimbursement for services rendered by him in connection with the spinal surgery.  (*Id*. at ¶¶ 9, 11).  In response to Dr. Cohen's claim, on April 2, 2009, Defendants made a single payment to Plaintiff in the amount of $5,123.90.  Plaintiff then forwarded this amount to Dr. Cohen.  (*Id*. at ¶ 13).[2]

Dr. Cohen filed an appeal of the initial denial of his claim for reimbursement with Defendants on April 20, 2009.  (*Id*. at ¶ 17).  Defendants denied Dr. Cohen's appeal by telephone and submitted a denial letter directly to Plaintiff.  (*Id*. at ¶¶ 19, 20).[3]  After receiving Defendants' denial, Dr. Cohen initiated this action solely on his own behalf, naming IBC as the only defendant.  IBC responded to Dr. Cohen's Complaint by moving to dismiss same on standing

---

[2]In Plaintiff's Proposed Second Amended Complaint, Plaintiff alleges that IBC made the single payment.  (Porposed Second Am. Compl. ¶ 13).

[3]In Plaintiff's Proposed Second Amended Complaint, Plaintiff alleges that IBC denied Dr. Cohen's appeal and sent the denial letter to Plaintiff.  (Proposed Second Am. Compl. ¶¶ 19, 20).

2

grounds. Dr. Cohen responded to IBC's motion to dismiss by filing an Amended Complaint, which included the Subscriber as a plaintiff and QCC and ComCast as additional defendants. As filed, the Amended Complaint asserted five counts: Count I - violation of ERISA section 502(a) brought by the Subscriber; Count II - failure to provide information required by law pursuant to ERISA; Count III - breach of fiduciary duty; Count IV - ERISA violation brought by Dr. Cohen; and Count V - state law claims of unjust enrichment/quantum meruit/promissory estoppel.

     IBC and QCC responded to the Amended Complaint by filing a motion to dismiss. IBC sought to dismiss all of Plaintiff and Dr. Cohen's claims against it and QCC sought to dismiss Counts II-V of the Amended Complaint. The District Court granted IBC and QCC's motion to dismiss. With respect to Dr. Cohen's claims, the District Court determined that Dr. Cohen lacked standing to pursue any of the asserted claims. (*See* Mem. Op. of 10/24/2011 at 14-20). With respect to Plaintiff's claims, the District Court dismissed all claims except for Plaintiff's claim that QCC violated § 502(a) of ERISA. With respect to the specific counts of the Amended Complaint, the District Court determined that (1) Count I should be dismissed as to IBC because Plaintiff failed to sufficiently allege that IBC is a fiduciary under ERISA (*See Id*. at 9); (2) Count II should be dismissed because there was no allegation in the Amended Complaint that Plaintiff, the beneficiary under the Plan, made a written request for documents, "an essential requirement under 29 U.S.C. § 1024(b)(4)," and therefore Plaintiff failed to state a claim that Defendants failed to provide plan documentation under ERISA (*Id*. at 24); (3) Count III should be dismissed because Plaintiff's breach of fiduciary duty claim was essentially the same as his claim for benefits asserted and such duplicative claims are not permitted by ERISA (*Id*. at 20-22); (4) Count IV should be dismissed because, as noted above, the District Court determined that Dr.

3

Cohen lacks standing to pursue any claims under § 502(a) of ERISA; and (5) Count V should be dismissed because, as both Plaintiff and Dr. Cohen conceded, ERISA preempts their state law claims. With respect to Plaintiff's proposed § 502(a) ERISA claim against IBC, the District Court noted that if Plaintiff "obtains information that would buttress allegations of IBC's fiduciary role, he may move to amend the Amended Complaint at that time." (*Id*. at 9).

Plaintiff now seeks to file a Second Amended Complaint in order to reassert a § 502(a) ERISA claim against IBC and to assert a claim against IBC, QCC and ComCast for breach of fiduciary duty under ERISA for failing to comply with 29 C.F.R §2560.503-1. Plaintiff did not file a brief in support of his motion to amend, stating instead that "[b]ecause this application does not involve any complicated issues of law or fact, no brief is necessary." (Pl. Notice of Mot. at 2; Docket Entry No. 31; *see also* Statement That No Brief Is Necessary; Docket Entry No. 31-3). However, in counsel's certification submitted in support of Plaintiff's motion to amend, Plaintiff represents that he is relying on the following information to establish that IBC exercised discretion over payment decisions and was therefore a plan fiduciary: documents produced by QCC as part of their initial disclosures which show that "Independence Blue Cross repeatedly was identified as the 'claims fiduciary' on their internal documents; that Independence Blue Cross made the payment determinations; including rejecting the local Blue Card payment recommendation to Independence Blue Cross; that Independence Blue Cross organized, conducted and decided the appeals at their corporate headquarters; that Blue Cross personnel told the Plaintiff that there were no surgeons in network who could perform the preapproved surgery and then denied his second level appeal on that basis." (Cert. of Mark D. Miller ¶ 3; Docket Entry No. 31-1).

4

QCC opposes Plaintiff's motion to amend, arguing that Plaintiff's proposed amendments are futile. In this regard, QCC claims that Plaintiff seeks to assert breach of fiduciary duty claims in both Counts I and II of his proposed Second Amended Complaint.[4] QCC, however, argues that Plaintiff's proposed breach of fiduciary duty claims are futile because the law of the case doctrine precludes Plaintiff from attempting to reassert same. Specifically, QCC claims that the District Court already considered whether Plaintiff's allegations give rise to a breach of fiduciary duty claim and determined that they do not. QCC argues that Plaintiff "has set forth no new material allegations or evidence that transforms this case into anything other than a benefits dispute" and therefore the law of the case renders Plaintiff's proposed amendments futile. (QCC Opp. Br. at 12).

For example, With respect to Count I of the proposed Second Amended Complaint, QCC contends that the District Court already determined that Plaintiff's "allegation that '[Defendants'] determination of $5,123.90 as compensation for services, even for in-network providers' constituted a breach of QCC's fiduciary duty was insufficient to distinguish the claim from one for ERISA plan benefits." (*Id*. at 13 (quoting Mem. Op. of 10/24/2011 at 21)). QCC therefore argues that Plaintiff's "nearly identical allegation" contained in the proposed Second Amended Complaint, namely that "'[e]ven if Defendants pay out-of-network providers at in-network rates, the amount paid for these surgeries would far exceed $5,123.90,'" fails because "nothing has changed." (*Id*. at 13-14 (quoting Second Am. Compl. ¶ 49)). Indeed, QCC argues that Plaintiff's allegations simply establish that this case only involves a claim for benefits under the Plan and "[d]etermining whether the payment at issue was consistent with the Plan will require an

---

[4]QCC also acknowledges that Count I of Plaintiff's proposed Second Amended Complaint includes a claim for benefits allegedly owed under the Plan.

interpretation and application of the Plan, not an interpretation and application of ERISA." (*Id*. at 14). Therefore, QCC contends that Plaintiff's claim remains one for benefits under § 502(a)(1) of ERISA and has not been transformed into a breach of fiduciary duty claim.

In addition, QCC argues that Plaintiff's emphasis on the "administrative re-classification of his appeal as a Medical Necessity/Grievance" does not transform his claim into a breach of fiduciary duty claim. (*Id*.) QCC argues that Plaintiff himself acknowledged that his appeal "'involved the claim payment allowance for surgery services provided on November 3, 2008 [by] Dr. Jason Cohen, an out-of-network provider.'" (*Id*. at 14-15 (quoting Ex. D to Second Am. Compl.)). Thus, QCC argues that Plaintiff's claim still revolves around whether he is owed more benefits under the Plan, an issue which the District Court has already determined involves only a claim for benefits under ERISA, not a fiduciary duty claim.

Further, QCC contends that Plaintiff's allegations regarding whether any in-network provider could have performed his surgery also do not transform Plaintiff's claim into a breach of fiduciary duty claim. In this regard, QCC notes that under the Plan, QCC "may approve Covered Services provided by a Non-Preferred Provider subject to Preferred 'In-Network' cost sharing" where the Covered person has:

> (1) first sought and received care from a Preferred Provider in the same American Board of Medical Specialties (ABMS) recognized specialty as the Non-Preferred Provider requested; (2) been advised by the Preferred Professional Provider that there are no Preferred Providers that can provide the requested Covered Services; and (3) Obtained authorization from the claims Administrator prior to receiving care.

(*Id*. at 15 (quoting Ex. D to QCC Opp. Br.). QCC claims that Plaintiff's proposed Second Amended Complaint is devoid of any allegation (1) that Plaintiff received prior treatment from a

Preferred Provider; (2) that a Preferred Provider informed him that there were no Preferred Providers who could perform his surgery; or (3) that Plaintiff requested, let alone received, prior authorization from QCC to obtain care from a Non-Preferred Provider subject to in-network cost sharing. In light of these deficiencies, QCC claims that "the *only* issue in this case remains whether [Plaintiff's] out-of-network benefits were properly determined and paid." (*Id*. at 16). As a result, QCC contends that Plaintiff's proposed breach of fiduciary duty claim is futile.

With respect to the Second Count of Plaintiff's Proposed Second Amended Complaint, QCC argues that none of the allegations contained therein support Plaintiff's proposed breach of fiduciary duty claim. For example, QCC takes issue with Plaintiff's allegation that "Defendants determination of claims paid without explanation, the shifting of the basis for denial and the structure of the appeals process created by Blue Cross provided Plaintiff little opportunity for a full and fair hearing under ERISA applicable guidelines." (*Id*. at 16-17 (quoting Second Am. Compl. ¶ 56)). QCC argues that through this allegation, Plaintiff again appears to be challenging the payment determination at issue, which QCC contends is insufficient to support a breach of fiduciary duty claim.

Further, QCC challenges Plaintiff's allegation that "Defendants have never provided Patient with the schedule it used to fix reimbursement rates." (*Id*. at 17 (quoting Second Am. Compl. ¶ 58)). QCC argues that the District Court already determined that Plaintiff's "failure to make a written request for *any* documents precluded [him] from pursuing a claim for failure to provide information." (*Id*. at 17-18 (citing Mem. Op. of 10/24/2011 at 23-24)). QCC argues that the aforementioned allegation fails for the same reason - Plaintiff never alleges that he requested any documents related to the Plan and since ERISA requires a beneficiary to make a written

request for plan documents, Defendants' alleged failure to provide information cannot support Plaintiff's proposed breach of fiduciary duty claim.

In addition, QCC objects to Count II of Plaintiff's proposed Second Amended Complaint to the extent Plaintiff seeks to assert a breach of fiduciary duty claim based on the administrative appeal process available under the Plan. In this regard, QCC argues that Plaintiff "has set forth an amorphous challenge to the appeal process as purportedly violative of ERISA regulations, this bare legal conclusion is insufficient to plead a cause of action pursuant to the standards set forth in *Iqbal*." (*Id*. at 17).

Finally, QCC, relying on the District Court's determination that Plaintiff's Amended Complaint failed to set forth sufficient factual material to support Plaintiff's claim that IBC was a plan fiduciary, argues that it is the only proper defendant with respect to Plaintiff's claim for benefits under § 502(a) of ERISA. As a result, QCC contends that Plaintiff's proposed § 502(a) claim against IBC is futile.

**II.    Analysis**

**A.    Standard of Review**

Motions to amend the pleadings are governed by Rule15(a). Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally given freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion

8

for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Here, QCC opposes Plaintiff's motion solely on futility grounds. As a result, that is where the Court focuses its inquiry. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). In determining whether an amendment is "insufficient on its face," the Court employs the Rule 12(b)(6) motion to dismiss standard. *See Alvin*, 227 F.3d at 121. Under Rule 12(b)(6), a motion to dismiss will be granted if the plaintiff fails to state a claim upon which relief can be granted. The United States Supreme Court set forth the standard for addressing motions to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). According to *Twombly*, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citations omitted). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (citations omitted).

In determining whether a civil complaint sufficiently states a claim for relief, the Court applies a two-part test. First, the Court must separate the factual and legal elements of a claim. While the Court must accept as true "all of the complaint's well-pleaded facts[,]" the Court "may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir.

2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).  Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Id*. at 211 (quoting *Iqbal*, 129 S.Ct. at 1950).  Merely alleging an entitlement to relief is insufficient.  Instead, the complaint "has to 'show' such an entitlement with its facts."  *Id*.  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 127 S.Ct. at 1955).

      **B.**      **Discussion**

In his proposed Second Amended Complaint, Plaintiff seeks permission to make several changes to the Amended Complaint.  Some of these changes are of little consequence.  For example, in addition to removing the dismissed counts (Counts II - V), in light of the District Court's determination that Dr. Cohen lacks standing to assert any claims in this matter, Plaintiff deletes references to Dr. Cohen's claims in the "Facts Common To All Counts" section of the proposed Second Amended Complaint as well as in Count I of same.  In addition to changes such as these, Plaintiff also seeks to make more meaningful amendments as well.  For example, in the "Facts Common To All Counts" section, Plaintiff seeks to replace the term "Defendants" with "Blue Cross" in ¶¶ 5, 13 and 19-21 of the Second Amended Complaint.  In so doing, Plaintiff seeks to attribute the payment of $5,123.90, the denial of Plaintiff's claim and the denial of Dr. Cohen's appeal directly to IBC.  In addition, in Count I of the proposed Second Amended Complaint, Plaintiff seeks to (1) add several knew allegations concerning IBC (¶¶ 29-35 and 51); (2) specifically name IBC as an administrator and fiduciary in relation to the Plan (¶ 36); (3) replace the term "Defendants" with "Blue Cross" in a couple of paragraphs (¶¶ 38 and 39); and

(4) specifically name IBC as a defendant who made decisions concerning the payment of benefits to be made to Plaintiff (¶ 43).  Further, Plaintiff seeks to add Count II, his proposed breach of fiduciary duty claim, in its entirety.  The Court examines the viability of these proposed amendments in relation to each of the counts of Plaintiff's proposed Second Amended Complaint.

### 1. Count I - Violation of ERISA § 502(a)

Plaintiff seeks to amend his Amended Complaint in order to add IBC as a defendant for the purpose of asserting a claim that IBC violated § 502(a) of ERISA.[5]  The District Court previously dismissed this claim finding that Plaintiff failed to sufficiently allege that IBC is a fiduciary under ERISA.  In reaching this determination, the District Court did not foreclose the possibility that such a claim could be asserted against IBC.  Instead, the District Court specifically noted that if Plaintiff "sufficiently alleg[ed] the degree of IBC's discretion in determining the Subscriber's insurance claim - such as whether IBC 'maintained any authority or control over the management of the plan's assets, management of the plan in general, or maintained any responsibility over the administration of the plan'. . . IBC may be considered a fiduciary, and therefore, an appropriate defendant under ERISA."  (Mem. Op. of 10/24/2011 at 8 (internal citations omitted)).  Indeed, even after determining that Plaintiff had failed to sufficiently allege that IBC is a fiduciary under ERISA, the District Court left open the possibility of future amendment noting that "[i]f, during the course of discovery, [Plaintiff] obtains

---

[5]QCC also believes that Plaintiff is seeking to add a breach of fiduciary duty claim against Defendants in Count I.  The Court does not read Plaintiff's proposed Second Amended Complaint to include such a claim as part of Count I.  Instead, the Court finds that Plaintiff's references to fiduciaries in Count I relate to the fact that ERISA only imposes statutory duties on plan fiduciaries and therefore unless IBC is found to be a plan fiduciary it cannot be liable under § 502(a) of ERISA.

information that would buttress allegations of IBC's fiduciary role, he may move to amend the Amended Complaint at that time." (*Id*. at 9).  Plaintiff now so moves.

In his proposed Second Amended Complaint, Plaintiff relies on the following allegations to establish that IBC is a fiduciary under the Plain and therefore a proper defendant under ERISA:

> 5. Prior to rendering the Services to the Patient, Cohen called Blue Cross to confirm that the Patient had out-of-network benefits for the services that were to be provided by Cohen and pre-certified the surgery.
>
> ***
>
> 13. On April 2, 2009, Blue Cross made a single payment to the Patient for claim # IG03250900311 in the amount of $5,123.90 and pursuant to the Assignment of Benefits form signed by Patient, payment was then made by Patient to Cohen.
>
> ***
>
> 19. Upon information and belief, Blue Cross denied Cohen's appeal by telephone, but has never sent a written denial directly to Cohen.
>
> 20. Upon information and belief, Blue Cross instead sent a denial letter directly to and addressed to the Patient.
>
> 21. On August 13, 2009, Blue Cross denied Plaintiff's claim for the following reasoning:
>
> "In your member handbook or certificate, the section entitled - *"Payment of Providers"* the Personal Choice/PPO Program allows a Covered Person to obtain Covered Services from Non-Preferred, Non-Participating Providers.  If a Covered Person uses a Non-Preferred, Non-Participating Provider, the Covered Person will be reimbursed for Covered Services but will incur significantly higher out-of-[pocket] expenses including Deductibles, Coinsurance and the balance of the provider's bill.  This is true whether a Non-Preferred, Non-Participating Provider is used by choice, for level of

        expertise, for convenience, for location, because of the nature of the services or based on the recommendation of a provider."

29. Blue Cross is a fiduciary as documents produced by QCC as part of its Rule 26 disclosures specifically name Blue Cross as a plan Fiduciary. See QCC00146 (annexed hereto as Exhibit "A") entitled Members Appeal-Case Summary at Section II C which identifies Blue Cross specifically as the "claims fiduciary."

30. Blue Cross specifically made a decision to ignore Blue Card's recommendation of the fee to pay Dr. Cohen for patient's surgery. See QCC00159-160 (annexed hereto as Exhibit "B") which recounts Blue Card's admission that Blue Cross decided to decline the local Blue Card's fee recommendation.

31. See QCC00239 (annexed hereto as Exhibit "C") entitled Self-Insured Groups member Appeal Unit Triage Coding Sheet/ACK, Letter Request Form which identifies the Claims Fiduciary as "IBC" (Blue Cross).

32. Blue Cross made the determination that the appeal was to be handled by it as a "Medical Necessity/Grievance Appeal" rather than an Administrative Complaint. See QCC 00258-00259 (annexed hereto as Exhibit "D").

33. Prior to the surgery two members of Blue Cross' team, Stephanie Issac and Samantha McCutchen advised the Patient that [sic] were no surgeons in network who could perform the approved surgery. See Powers-Hills vs. Independence BC 0000051-0000052 (annexed hereto as Exhibit "E").

34. Despite repeated requests to Blue Cross by the Patient no in network surgeons were ever identified by Blue Cross.

35. Blue Cross conducted the appeals at its corporate offices and all decisions were relayed under Blue Cross letterhead.

36. Defendant QCC is a named administrator under the Plan, Blue Cross is the administrator and fiduciary in relation to

> the matters set forth herein because, *inter alia*, they exercise discretionary authority and/or discretionary control respecting management of the plans.
>
> \*\*\*
>
> 38. Blue Cross's fiduciary functions include, *inter alia*, preparation and submission of explanations of benefits, determination as to claims for benefits and coverage decisions, oral and written communications with both Dr.Cohen and the Patient concerning benefits to Patient under the plans, and coverage, handling, management, review, decision making and disposition of appeals and grievances under the plan.
>
> 39. The Patient had "out of network benefits" for surgery under his plan or insurance agreements with or administered by Defendants as confirmed by Blue Cross to Cohen.
>
> \*\*\*
>
> 43. As described more fully in the Facts Common to All counts herein, Defendants including Blue Cross made determinations regarding the payment and withholding of payments of benefits to the Patient that violate the terms of the applicable ERISA plan.
>
> \*\*\*
>
> 51. Blue Cross decided to convert the grievance into a medical necessity appeal which Blue Cross denied because they claimed that in network surgeons were available to perform the pre-approved procedure which was contrary to representations made to the Patient.

(Second Am. Compl. 5, 13, 19-21, 29-36, 38-39, 43 and 51). Of these allegations the Court focuses on ¶¶ 29-35 and 51. The Court finds the other allegations to be of little value as they are essentially the same as those initially relied upon by Plaintiff to name IBC as a party defendant and rejected by the District Court as being insufficient to establish that IBC exercised the discretion necessary to be considered a fiduciary under ERISA. Indeed, the only differences between ¶¶ 5, 13, 19-21, 36, 38, 39 and 43 and the corresponding paragraphs found in Plaintiff's

Amended Complaint is that Plaintiff either substituted the term "Blue Cross" for the term "Defendants" in these paragraphs or specifically added "Blue Cross" as a defendant in same.

With respect to ¶¶ 29-35 and 51, the Court finds that when these allegations are taken as true, they include sufficient factual detail to support Plaintiff's claim that IBC exercised the discretion necessary to be considered a fiduciary under ERISA. Specifically, IBC alleges that IBC is identified as a "claims fiduciary" on paperwork related to Plaintiff's claim for benefits; IBC exercised the decision-making authority to reject Blue Card's recommendation regarding the fee to pay Dr. Cohen for Plaintiff's surgery; IBC was the entity that decided to handle Plaintiff's appeal of the benefits decision as a "Medical Necessity/Grievance Appeal" rather than as an "Administrative Complaint"; two members of IBC's team informed Plaintiff that there were no in-network surgeons who could perform the approved surgery; IBC failed to identify in-network surgeons capable of performing the approved surgery despite repeated requests by Plaintiff; IBC conducted the appeal of Plaintiff's claim for benefits at IBC's corporate offices and all decisions concerning said appeal were relayed under IBC letterhead; and IBC denied Plaintiff's appeal, claiming that in-network surgeons were available to perform the approved surgery despite its prior representations to the contrary. This is significantly more detail than what was included in Plaintiff's Amended Complaint.

QCC does not address these additional factual allegations in opposing Plaintiff's motion to amend. Instead, QCC simply focuses on the District Court's previous determination that Plaintiff failed to adduce sufficient factual support for its claim that IBC was a fiduciary for ERISA purposes. As noted above, however, the District Court in rendering that decision did not foreclose the possibility that IBC could be considered a fiduciary. Quite to the contrary, the

District Court specifically left open the possibility of Plaintiff moving to amend the Amended Complaint to name IBC as an ERISA defendant if Plaintiff obtained sufficient information to buttress his allegations of IBC's fiduciary role. (Mem. Op. of 10/24/2011 at 9).

The Court finds that Plaintiff has adduced such information here. Indeed, when taken as true, the Court finds that the aforementioned allegations plausibly establish that IBC did not merely perform ministerial tasks, such as claims processing and calculation, which would be insufficient to support Plaintiff's claim that IBC was a fiduciary for the Plan. (*See Id*. at 8 (citing *Briglia v. Horizon Healthcare Services, Inc.*, No. 03-6033, 2005 U.S. Dist. LEXIS 18708, at *6 (D.N.J. may 13, 2005); *Confer v. Custom Engineering Co.*, 952 F.2d 34, 39 (3d Cir. 1991)) (noting that allegations of merely ministerial tasks, such as claims processing and calculation, are insufficient to establish fiduciary status)). Instead, they are sufficient to support a claim that IBC exercised control over the management of the Plan's assets. (*See Id*. (quoting *Curcio*, 33 F.3d at 233) (finding that IBC could be considered fiduciary if it "maintained any authority or control over the management of the plan's assets, management of the plan in general, or maintained responsibility over the administration of the plan.") As a result, the Court shall permit Plaintiff to amend the Amended Complaint to assert a claim against IBC for violating § 502(a) of ERISA.

### 2. Breach of Fiduciary Duty Claims

Plaintiff seeks to amend his Complaint in order to add a breach of fiduciary duty claim against QCC, ComCast and IBC (collectively, "Defendants") for failing to comply with 29 C.F.R. § 2560.503-1. Plaintiff relies on the following specific allegations to support his claim that Defendants breached their fiduciary duties to him:

> 54. The ERISA regulations are enacted for the benefit of the Patient. The Defendants have a duty to give Plaintiff a full and fair hearing on the claims determination.
>
> 55. Defendants are fiduciaries under ERISA.
>
> 56. Defendants determinations of claims paid without explanation, the shifting of the basis for denial and the structure of the appeals process created by Blue Cross provided Plaintiff little opportunity for a full and fair hearing under ERISA applicable regulations.
>
> 57. Defendants violated their fiduciary duty to Patient.
>
> 58. Defendants have never provided Patient with the schedule it used to fix reimbursement rates.

(Second Am. Compl. ¶¶ 54-58). Of these claims, the Court easily disregards ¶¶ 54, 55 and 57 as legal conclusions. The Court similarly disregards ¶ 56. The Court finds that Plaintiff's conclusory assertions regarding the benefits determination and appeals process to be insufficient to support his claim that he was denied a full and fairing hearing under the applicable ERISA regulations and consequently that Defendants breached their fiduciary duties to him. In reaching this conclusion the Court also notes that Plaintiff never fully identifies which ERISA regulations were violated. 29 C.F.R. § 2560.503-1 is a rather lengthy provision that "sets forth minimum requirements for employee benefit plan procedures pertaining to claims for benefits by participants and beneficiaries[.]" 29 C.F.R. § 2560.503-1(a). 29 C.F.R. § 2560.503-1 contains numerous subparts and Plaintiff fails to identify which of these subparts Defendants allegedly violated or any detail regarding how their actions violated same. Moreover, like QCC, the Court finds that Plaintiff, through this allegation, essentially takes issue with the payment determination made with respect to Plaintiff's claim. However, as the District Court previously determined, "it

is improper to assert a breach of fiduciary claim when it is akin to a claim to enforce the terms of a benefit plan." (Mem. Op. of 10/24/2011 at 20-21). As a result, the Court finds that this allegation is insufficient to support Plaintiff's proposed breach of fiduciary duty claim

Further, the Court finds that Plaintiff's remaining allegation - that "Defendants have never provided Patient with the schedule it used to fix reimbursement rates" - is insufficient to save Plaintiff's proposed amendment from futility. (Second Am. Compl. ¶ 58). In the first instance, the Court finds that this allegation, even when taken as true and viewed in the context of Plaintiff's entire proposed Second Amended Complaint, does not provide sufficient factual support to plausibly state a breach of fiduciary duty claim. More importantly, the Court finds that it would be inappropriate for the Court to rely on this allegation in support of Plaintiff's proposed claim. As QCC notes, the District Court already determined that Plaintiff's failure to make a written request for documents precludes Plaintiff from pursuing a claim based on Defendants' failure to provide plan information. (*See* Mem. Op. of 10/24/2011 at 24). Plaintiff does not explain nor does the Court see any reason why Plaintiff's allegation concerning Defendants' alleged failure to furnish the schedule used to fix reimbursement rates would be exempt from this determination.

As a result, the Court finds that Plaintiff has not raised his right to relief above the speculative level. Indeed, Plaintiff's proposed Second Amended Complaint does not contain sufficient factual allegations to show that Plaintiff has a plausible claim that Defendants breached their fiduciary duties by failing to comply with 29 C.F.R. 2560.503-1. Consequently, the Court finds that Plaintiff's proposed breach of fiduciary duty claim is futile and it is therefore denied as such.

**III.     Conclusion**

For the reasons stated above, Plaintiff's motion to amend is GRANTED in part and DENIED in part.  An appropriate Order follows.

Dated: December 19, 2012

                                                 s/Tonianne J. Bongiovanni
                                                 **HONORABLE TONIANNE J. BONGIOVANNI**
                                                 **UNITED STATES MAGISTRATE JUDGE**